1

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7                         FOR THE DISTRICT OF ARIZONA

8

9   Laurie Smith,                                 No. CV-13-00405-TUC-RCC

10                      Plaintiff,                 **ORDER**

11  v.

12  Mutual of Omaha Insurance Company,

13                      Defendant.

14

15       Before the Court are Mutual of Omaha's Motion for Decision on the

16  Administrative Order (Doc. 17), Ms. Smith's Motion for Summary Judgment (Doc. 18),

17  and Magistrate Judge Rateau's Report and Recommendation on these two motions (Doc.

18  24).  The Court has reviewed all of the responses, replies and objections to these

19  documents and conducted a *de novo* of the underlying facts in this case. The Court is

20  prepared to adopt Magistrate Judge Rateau's Report and Recommendation and hereby

21  incorporates Doc. 24 by reference.

22  **Ms. Smith's Objections to Magistrate Judge Rateau's Report and Recommendation**

23       Ms. Smith contends that Magistrate Judge Rateau's Report and Recommendation

24  reaches findings which are not supported by the record due in part to mistakes of fact and

25  conclusions based on an evaluation of the record.  (Doc. 25).  Specifically, Ms. Smith

26  contends that 1) Judge Rateau's findings that there were no tests conducted after January

27  2012 is incorrect, 2) Dr. Sullivan's and not Dr. Scherer's opinions as to Ms. Smith's

28  disability should be controlling, and 3) the Administrator's Review was Thorough but

1   Incorrect, to the effect that the Magistrate's Report has multiple errors and the Court

2   should instead find in favor of Ms. Smith.

3   **Ms. Smith Was Not Entitled to Short-Term Disability Benefits After March 26, 2012**

4   Upon the Court's *de novo* review of all relevant pleadings and the 282 page

5   administrative record submitted, the Court finds that Ms. Smith was not entitled to short-

6   term disability benefits after March 26, 2012.

7   Magistrate Judge Rateau carefully outlined and addressed all of Ms. Smith's

8   concerns and contentions in her Report and Recommendation. As the Court now sees it,

9   this case essentially boils down to Dr. Scherer's and Dr. Sullivan's competing opinions

10   on whether Ms. Smith was disabled or could perform her job duties with modifications.

11   As Magistrate Judge Rateau correctly found, Dr. Scherer's opinion could be afforded

12   controlling weight in determining that Ms. Smith was not disabled during the relevant

13   time period.

14   Ms. Smith's arguments to the contrary are not persuasive. First, while there are

15   records of Ms. Smith's abnormal CPK levels conducted after January 2012, this fact

16   alone does nothing to undermine Dr. Scherer's explanation that "[e]levated CPK/aldolase

17   in themselves are not a diagnostic of any specific disorder, and although it can be seen in

18   a variety of neuromuscular conditions, it can also be a normal result of muscle trauma

19   and exercise," or, more importantly, Dr. Scherer's observations that Ms. Smith "moved

20   about with ease, and did not have any difficulty walking, standing up from the chair,

21   climbing or moving around on the exam table" and "did not appear to be in any kind of

22   distress."

23   Similarly, Ms. Smith's arguments that Dr. Sullivan's opinions should be

24   controlling instead of Dr. Scherer's are not persuasive. The Court here agrees with

25   Magistrate Judge Rateu's finding that while Ms. Smith's contention that Dr. Scherer's

26   opinions as to Ms. Smith's veracity are in part due to animosity is reasonable, Dr.

27   Scherer's objective records of Ms. Smith's ability to move during her examination are

28   also reasonable. As to Ms. Smith's contention that Dr. Sullivan's opinion should be

1    afforded controlling weight because it is backed by Ms. Smith's irregular lab results, the

2    Court finds this argument unpersuasive because Dr. Scherer's report also acknowledges

3    and explains these irregular lab results to reach a different conclusion.

4           Finally, Ms. Smith's arguments that the administrator's review was incorrect

5    because it did not afford sufficient weight to Dr. Sullivan's opinions that Ms. Smith was

6    at risk for kidney failure if she were not careful due to her CPK and myoglobin levels is

7    unpersuasive because the administrator analyzed the record in total and evaluated the

8    conflicting opinions.

9           While there is no doubt Ms. Smith was in pain and had abnormal lab results, Ms.

10   Smith failed to meet her burden that she was disabled per the plan's definition on the

11   relevant dates. Accordingly,

12          **IT IS HEREBY ORDERED** *adopting* Magistrate Judge Rateau's Report and

13   Recommendation (Doc. 24); *granting* (Doc. 17) Mutual of Omaha's Motion for Decision

14   on the Administrative Record; and *denying* (Doc. 18) Ms. Smith's Motion for Summary

15   Judgment.

16          **IT IS FURTHER ORDERED** that the Clerk of the Court enter judgment in favor

17   of Defendant Mutual of Omaha and close this case.

18          Dated this 4th day of August, 2014.

19

20

21

22                                          Raner C. Collins
                                       United States District Judge

23

24

25

26

27

28